Battle, J.
 

 The demurrer filed by the defendant to the plaintiff’s bill, is a general one, for the want of equity, but his .counsel now assigns
 
 ore tenus
 
 several causes, one of which is, that the plaintiff’s wife is not a party to the suit. She is the only child of the defendant’s testator, Neill McLean, and his wife, Sarah, and is, therefore, the only person to whom the slaves, mentioned in the marriage settlement referred to in the pleadings, are limited after the termination of the life-estate reserved therein to her mother. The equity of the bill is to convert the defendant, as the representative of the testator, into a trustee of the slaves for the benefit of the plaintiff’s wife, and in order to assert that equity, she is a necessary party. It is true, that she had married the plaintiff in the life-time of her mother, and if the mother had had the legal
 
 *137
 
 estate for life in the slaves, then, upon her death, they would have devolved upon the husband of the daughter
 
 jure
 
 mariti, and he might have recovered them from the representative of the testator in his own name ;• but as the claim is an equitable one, only,'it does not belong to the husband until he can reduce it into possession, and, in doing that, he must sue in the name of his wife jointly with his own. The case, in this respect, is similar to the claim of the wife to a legacy, or a distributive share, a suit, for which, must always be in the name of the husband and wife; see
 
 Arrington
 
 v.
 
 Yarbrough,
 
 1 Jones’ Equity, 72, where the subject is fully discussed, and the reason upon which the rule is founded, is stated and explained.
 

 The demurrer must be sustained for the want of parties; but as the objection was not taken until the hearing, the bill will not be dismissed, but will be remanded for the purpose of being amended, the plaintiff paying the costs, as in case of a dismission, without prejudice;
 
 Webber v. Taylor,
 
 decided at the present term, ante 36.
 

 In making this amendment as to parties, it will be well for the plaintiff to consider, whether there ought not to be administration taken on the estate of Sarah McLean, for the purpose of making her representative a party, as the marriage settlement was also made with her, and it is through that agreement, the plaintiff’s wife derives her equity.
 

 Per Curiam, Demurrer sustained.